## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

January 11, 1924.

# ASANO BUSSAN COMPANY v. H. LESLIE SKINNER.

(207 App. Div. 609.)

ARREST—SUFFICIENCY OF MOVING PAPERS—ORDER OF ARREST WAS IMPROPERLY GRANTED ON THEORY THAT DEFENDANT HAD RECEIVED MONEY FROM THIRD PERSON FOR BENEFIT OF PLAINTIFF AND CONVERTED IT—MONEY RECEIVED BY DEFENDANT FROM THIRD PERSON TO COVER SHORTAGE IN GOODS PURCHASED FROM THIRD PERSON AND SOLD TO PLAINTIFF DID NOT BELONG TO PLAINTIFF—MONEY NOT HELD BY DEFENDANT IN FIDUCIARY CAPACITY.

An order of arrest in a civil action should not be granted upon the theory that the defendant had collected money from a third person as trustee for the plaintiff and converted the same to his own use, where the moving papers show only that the defendant sold a specified quantity of steel scrap to the plaintiff; that the shipment was short in weight; that the defendant purchased the scrap from a third person who was responsible for the shortage to the defendant; that the parties agreed that the defendant would collect the amount of the shortage from said third person and pay it over to the plaintiff; and that the defendant did collect said amount but failed to pay it over to the plaintiff.

The money collected by the defendant did not belong to the plaintiff and he had no legal interest in the claim of the defendant against said third person or in any money arising out of said claim, and, therefore, the receipt of the money by the defendant was not in the capacity of a fiduciary of the plaintiff.

APPEAL by the defendant, H. Leslie Skinner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of July, 1923, denying, upon a reargument granted the plaintiff, the defendant's motion to vacate an order for his arrest.

*James H. Hickey,* for the appellant.

*Hunt, Hill & Betts (Reese D. Alsop,* of counsel), for the respondent.

McAvoy, J. :

An order of arrest was issued against the defendant on the allegations in the complaint and affidavits that the defendant had received moneys from a firm known as M. Barde & Sons, as trustee for the plaintiff, and had converted the same to his own use. Thereafter the defendant moved to vacate the order of arrest upon the assertion that the complaint and moving papers were insufficient to establish facts to justify the order. This motion was granted and the order of arrest vacated. Upon a reargument before the learned justice who had originally heard the motion, the order vacating the order of arrest was set aside and the motion to vacate the order of arrest was denied, unless the defendant would stipulate that he would bring no action for damages against plaintiff for any cause of action arising from his arrest.

The acts of the parties which give rise to the action were the following: The plaintiff agreed to buy some 2,000 tons of steel scrap from the defendant. The defendant procured a certificate and handed the same to plaintiff, stating that over 4,000,000 pounds of the scrap had been shipped by the defendant; and according to this certificate and statement, the plaintiff paid for the shipment. The certificate, however, contained an erroneous statement of the amount of steel scrap which had been shipped, and the fact was that a lesser quantity had been forwarded. Plaintiff was thus entitled to a refund proportionate to the lesser quantity of material which had been shipped. The scrap, however, had been purchased by the defendant from the firm of M. Barde & Sons, and the shortage was chargeable to them under defendant's contract of purchase with them. Plaintiff had no contractual relations with the original seller, and, therefore, had no claim against that firm. There were negotiations carried on among the three interested parties which resulted in M. Barde & Sons agreeing to pay to the defendant $4,500 in settlement of the claim for shortage,

and defendant agreed to pay this sum, or any amount received by him from M. Barde & Sons, to the plaintiff in settlement of plaintiff's claim in consideration of plaintiff's releasing its claim against defendant. The defendant thereafter received a draft for $4,500 from M. Barde & Sons according to this arrangement, but did not pay over the proceeds to the plaintiff.

We think that neither the circumstances of the settlement nor the arrangements made by the parties for the collection of this claim, as evidenced by the letter of the defendant, in which permission was given to the plaintiff to negotiate with M. Barde & Sons to procure a settlement of the claim arising out of the short delivery, evince an intent that the moneys, if received by the defendant, were to become the property of the plaintiff. Plaintiff had no legal interest in the claim of defendant against M. Barde & Sons for the shortage. Any moneys arising out of any such claim belonged to the defendant. The authority for collection of this claim was not brought about through any agency conferred on defendant by plaintiff but the right to recoupment for a shortage arose in defendant's own person; hence the receipt of the fund by defendant was not in the capacity of a fiduciary of plaintiff. The right of the plaintiff to the sum of money claimed arises from the bare promise of defendant to pay such sum of money as was received because of the original seller's short delivery. At no time was there any transfer or assignment of title either to the right to recover the money from M. Barde & Sons or to the money itself. In these circumstances the order of arrest was improperly granted, and should have been vacated.

This order, therefore, should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.